IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RYAN MCCLAIN,                          )
                                       )        Civil Action No.   2:23-CV-840
        Plaintiff,                     )
                                       )
            v.                         )
                                       )
AMAZON.COM SERVICES, LLC,              )
t/d/b/a AMAZON,                        )        JURY TRIAL DEMANDED
                                       )
        Defendant.                     )        Electronically Filed

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, RYAN MCCLAIN, by and through his attorneys, LAW

OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI,

ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil

Action as follows:

JURISDICTION AND VENUE

1.      This action is brought against the Defendant for violating Plaintiff's right to be free from:

retaliation based on his military status and use of protected military leave, as protected by the

Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C.S. 4301, *et. seq.*

("USERRA"); retaliation based on his use of leave under the Family and Medical Leave Act, 29

USCS §§ 2611. *et seq*. ("FMLA"); and illegal, invidious and damaging discrimination in his

employment based on age, as guaranteed by the Age Discrimination in Employment Act, 29

U.S.C. § 621, *et seq.* ("ADEA").

2.      Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

3. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania, and the Plaintiff resides in the Western District of Pennsylvania.

4. Plaintiff has satisfied all procedural and administrative requirements, and in particular:

a. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") claiming age discrimination on or about January 20, 2023, and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

b. The EEOC issued a Notice of Right to Sue dated April 7, 2023; and,

c. Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

PARTIES

5. Plaintiff, Ryan McClain is a 47-year-old male who resides in Allegheny County, Pennsylvania.

6. Defendant, Amazon.com Services, LLC, t/d/b/a Amazon, is now, and was at all times relevant to Plaintiff's claims, a business corporation with a registered addresses of 202 Westlake Avenue North, Seattle, Washington, 98109 and 410 Terry Avenue North, Seattle, Washington 98109 and a local address of 501 North Drive, Sewickley, Pennsylvania 15143.

7. At all times relevant hereto, the Defendant was acting through its agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

8. The actions of the Defendant, as described herein, are part of an unlawful pattern and course of conduct intended to harm the Plaintiff. All of the acts described below were committed by the Defendant with reckless disregard and/or deliberate indifference to the rights

of the Plaintiff.  As a direct and proximate result thereof, Defendant violated the Plaintiff's federally protected rights, as described herein.

FACTUAL ALLEGATIONS

9.      Plaintiff is a member of the United States ("U.S.") Marine Corps Reserve and a veteran.

10.     As a reservist, Plaintiff is required to attend trainings and is subject to deployment.

11.     Plaintiff was employed by the Defendant from in or about October of 2014 until his unlawful termination on or about October 6, 2022.  At the time of the Plaintiff's termination, he held the position of L6 Operations Manager.

12.     Throughout the Plaintiff's employment with the Defendant, Plaintiff continuously received positive job performance reviews.

13.     Plaintiff was promoted to the position of Operations Manager in or about June of 2019.

14.     Following that promotion, Plaintiff's start date for his new position was delayed by the Defendant until the Defendant was able to fill the Plaintiff's position.

15.     Plaintiff then went on protected military leave for training from September 12, 2019 to September 29, 2019.

16.     Thereafter, Defendant failed to properly train the Plaintiff for the position of Operations Manager.

17.     Plaintiff was denied the opportunity to attend official job training that was offered to similarly situated employees that are not members of the U.S. Marine Corps Reserve and/or veterans and/or similarly situated, younger employees.

18.     Despite that lack of training, the team that the Plaintiff managed regularly outperformed the majority of the teams in the region.

19.     Plaintiff took FMLA leave starting on November 13, 2019.

3

20. During the Plaintiff's aforementioned FMLA leave, Plaintiff was issued military orders for training starting on March 2, 2020.

21. Plaintiff returned from protected military leave on or about May 18, 2020.

22. In or about May of 2020, Plaintiff's direct manager, Anthony Sanders ("Sanders"), told the Plaintiff that the general manager, Samantha Cox ("Cox"), was "gunning for [the Plaintiff]."

23. On or about June 24, 2020, Mr. Sanders again indicated that Ms. Cox was targeting the Plaintiff for termination and stated that he was "under a microscope."

24. At that time, Plaintiff was asked to complete and submit a Leadership Development Plan. Mr. Sanders stated that the Plaintiff passed that development plan and "delivered on all asks."

25. Plaintiff believes, and therefore avers, that Ms. Cox overly scrutinized the Plaintiff's work and targeted the Plaintiff for termination in retaliation for the Plaintiff's aforementioned protected military leave and/or FMLA leave

26. Plaintiff believes, and therefore avers, that Ms. Cox did not target or overly scrutinize similarly situated employees that were not reservists, did not go on protected military leave and/or did not go on FMLA leave.

27. Plaintiff believes, and therefore avers, that Ms. Cox overly scrutinized the Plaintiff's work and targeted the Plaintiff for termination based on his age.

28. Plaintiff believes, and therefore avers, that Ms. Cox did not target or overly scrutinize the job performance of similarly situated employees that were significantly younger than the Plaintiff.

29. Plaintiff was required to take protected military leave from July 13, 2020, to August 24, 2020.

30.     The day that the Plaintiff returned from protected military leave, Defendant issued the Plaintiff a PIVOT Entry Form ("PIVOT") that gave the Plaintiff the option to leave his position with the Defendant or to be placed on a Performance Improvement Plan ("PIP") by the Defendant.   Ms. Cox was identified as the manager on that PIVOT.

31.     Defendant's stated reasons for the PIVOT were various alleged performance issues.

32.     Furthermore, Defendant also made several allegations that were untrue, including an allegation that the Plaintiff was not prepared for daily business meetings.  That allegation is, and was, patently false.

33.     Defendant's stated reasons for the PIVOT and for placing the Plaintiff on a PIP were pretextual and unworthy of belief.

34.     At the time that the Plaintiff was placed on a PIP, he outperformed and/or performed similarly to similarly situated employees that had not taken protected miliary leave, had not taken FLMA leave and/or were significantly younger than the Plaintiff.  Defendant, however, did not give those similarly situated employees PIVOTs and/or place them on PIPs.

35.     Plaintiff believes, and therefore avers, that he was given a PIVOT and placed on a PIP in retaliation for taking protected military leave and/or for taking FMLA leave.

36.     Plaintiff also believes, and therefore avers, that he was given a PIVOT and placed on a PIP based on his age.

37.     Notably, Plaintiff's military training course schedule, which required the Plaintiff to take protected leave from July 13, 2020, to August 24, 2020 and September 17, 2020, to November 4, 2020, conflicted with dates set by the Defendant in the Plaintiff's PIP.

38.    Plaintiff contacted the Employer Support of the Guard and Reserve (ESGR) in an attempt to resolve the above-described issues with the Defendant.  When ESGR contacted the Defendant, however, Defendant refused to discuss the Plaintiff's case.

39.    In a letter dated September 16, 2020, Plaintiff's attorney alleged that the Defendant violated both USERRA, for taking actions against the Plaintiff in retaliation for the Plaintiff's protected military leave, and FMLA, for taking actions against the Plaintiff in retaliation for the Plaintiff's FMLA leave.

40.    Plaintiff was required to take protected military leave from September 16, 2020, to September 23, 2022, for training and deployment.

41.    Thereafter, on or about October 6, 2022, Plaintiff was terminated from his position with the Defendant.

42.    Defendant did not provide the Plaintiff with a specific reason for his termination.

43.    Plaintiff believes, and therefore avers, that he was terminated in retaliation for the Plaintiff's aforementioned protected military leave and/or FMLA leave

44.    Plaintiff also believes, and therefore avers, that he was terminated based on his age.

45.    Plaintiff believes, and therefore aver, that he was replaced in his duties by a significantly younger and less experienced individual.

46.    Plaintiff believes, and therefore avers, that similarly situated employees that did not take protected military leave were treated more favorably than the Plaintiff in that those employees were not terminated by the Defendant without reason.

47.    Plaintiff believes, and therefore avers, that similarly situated employees that did not take FMLA leave were treated more favorably than the Plaintiff in that those employees were not terminated by the Defendant without reason.

48.     Plaintiff believes, and therefore avers, that similarly situated, younger employees were treated more favorably than the Plaintiff in that younger employees were not terminated by the Defendant without reason.

49.     As a result of the Defendant's actions, Plaintiff has been adversely affected, both financially and professionally.

50.     Plaintiff believes, and therefore avers, that the Defendant's conduct is part of a plan, pattern or practice of discrimination that may affect individuals similarly situated to the Plaintiff.

COUNT I:

PLAINTIFF v. DEFENDANT

ADEA – AGE DISCRIMINATION

51.     Plaintiff incorporates by reference Paragraphs 1 through 50 as though fully set forth at length herein.

52.     As described hereinbefore above, Plaintiff was subjected to discrimination in that he was Plaintiff was subjected to a PIVOT, subjected to a PIP, unlawfully terminated, due to his age, and was treated less favorably than younger, less experienced and less qualified employees, in violation of the ADEA, 29 U.S.C. § 621, *et seq*.

53.     As a result of the Defendant's discriminatory actions, Plaintiff has been substantially and illegally harmed, suffered continuing financial losses, deprivation of employment, benefits, prerequisites, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendant, its managers, supervisors, employees, agents, attorneys and other officials.

54.     Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendant and this suit for injunctive and other relief is his only means of

securing just and adequate redress and relief.  Moreover, Plaintiff is now suffering and will

continue to suffer, irreparable injury from the Defendant's discriminatory policies, practices,

customs and usages as set forth herein until and unless the same are enjoined by the Court.

55.    Defendant's actions as aforementioned were intentional, willful and deliberate and/or

done with reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.    that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the ADEA;

b.    that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.    that in addition to the damages above, the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendant's willful violation of the ADEA;

d.    that the Court order the Defendant to return the Plaintiff to the position he held before he was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to his lost salary, salary raises, fringe benefits and all other rights to which he would have been entitled but for the Defendant's discriminatory conduct;

e.    that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

f.    that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.    that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

8

COUNT II:

PLAINTIFF v. DEFENDANT

<u>USERRA -RETALIATION</u>

56.    Plaintiff incorporates by reference Paragraphs 1 through 55 as though fully set forth at length herein.

57.    Plaintiff is a member of the U.S. Marine Corps Reserve and a veteran.

58.    As a reservist, Plaintiff is required to attend trainings and is subject to deployment. Defendant is required under USERRA to accommodate the Plaintiff and is prohibited by law to retaliate against the Plaintiff for any protected military leave.

59.    As described hereinbefore above, Defendant retaliated against the Plaintiff for taking protected military leave by subjecting the Plaintiff to a PIVOT, placing the Plaintiff on a PIP, terminating the Plaintiff, and treating the Plaintiff less favorably than similarly situated employees that did not use protected military leave.

60.    As a direct result of Defendant's discriminatory actions, and in violation of USERRA, Plaintiff has suffered professionally.  In addition, the Plaintiff has and/or will incur counsel fees and other costs in pursuing his legal rights.  Plaintiff has also suffered from emotional distress, inconvenience, humiliation, defamation of character and stress.

61.    Defendant's actions as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

      a.    that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative under the USERRA;

      b.    that the Court award the Plaintiff any benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.     that the Court award damages to the Plaintiff to compensate him for damages resulting from his pain, suffering and inconvenience, as well as such other compensatory damages as permitted by law;

d.     that the Court award the Plaintiff punitive damages as a result of the Defendant's willful violation under USERRA;

e.     that the Court order the Defendant to award the Plaintiff the position he held before he was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to his lost salary raises, fringe benefits and all other rights to which he would have been entitled but for the Defendant's retaliatory conduct;

f.     that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the retaliation;

g.     that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

h.     that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANT

FMLA - RETALIATION

62.    Plaintiff incorporates by reference Paragraphs 1 through 61 as though fully set forth at length herein.

63.    As described hereinbefore above, Plaintiff was entitled to FMLA benefits. Defendant retaliated against the Plaintiff for utilizing FMLA by subjected the Plaintiff to a PIVOT, placing the Plaintiff on a PIP, terminating the Plaintiff without reason, and treating the Plaintiff less favorably than similarly situated employees that did not use FMLA.

10

64. As a direct result of Defendant's discriminatory actions, and in violation of the FMLA, Plaintiff has suffered professionally. In addition, the Plaintiff has and/or will incur counsel fees and other costs in pursuing his legal rights. Plaintiff has also suffered from emotional distress, inconvenience, humiliation, defamation of character and stress.

65. Defendant's actions as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

    a.     that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative under the FMLA;

    b.     that the Court award the Plaintiff any benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

    c.     that the Court award damages to the Plaintiff to compensate him for damages resulting from his pain, suffering and inconvenience, as well as such other compensatory damages as permitted by law;

    d.     that the Court award the Plaintiff punitive damages as a result of the Defendant's willful violation under the FMLA;

    e.     that the Court order the Defendant to award the Plaintiff the position he held before he was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to his lost salary raises, fringe benefits and all other rights to which he would have been entitled but for the Defendant's retaliatory conduct;

    f.     that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the retaliation;

    g.     that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

11

h.      that the Court grant the Plaintiff such additional relief as may
be just and proper.

JURY TRIAL DEMANDED

COUNT IV:

PHRA – AGE DISCRIMINATION

66.     Plaintiff incorporates by reference Paragraphs 1 through 65 as though fully set forth at length herein.

67.     Defendant's actions in subjecting the Plaintiff to discrimination based on age were undertaken intentionally, maliciously and with reckless indifference to Plaintiff's right to be free from such discrimination in violation of the PHRA.

68.     As a direct result of the Defendant's discriminatory actions in violation of the PHRA, the Plaintiff has lost wages and other economic benefits of his employment with the Defendant.  In addition, the Plaintiff has incurred counsel fees and other costs in pursuing his legal rights.  The Plaintiff has also suffered from emotional distress, inconvenience, humiliation, loss of standing among his peers and stress.

69.     The actions on the part of the Defendant were intentional and willful and were done with a reckless disregard for Plaintiff's rights.

WHEREFORE, Plaintiff requests the following:

a.      that the Court enter a Judgment declaring the Defendant's actions to be
unlawful and violative of the PHRA;

b.      that the Court award the Plaintiff liquidated damages in an amount equal to
the pecuniary losses sustained as a result of the Defendant's willful
violation of the PHRA;

c.      that the Court award the Plaintiff compensatory damages as a result of
Defendant's actions being unlawful and violative of the PHRA;

12

d.      that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

e.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

f.      that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone

Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated:  May 18, 2023